IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CHRISTY L. HAYES,**

      **Plaintiff,**

v.                                              CIVIL ACTION NO. 2:23-cv-00159

**WALMART INC.,**

      **Defendant.**

## PETITION OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Walmart Inc. ("Walmart"), by counsel, hereby petitions for the removal of the above-captioned action from the Circuit Court of Jackson County, West Virginia, to the United States District Court for the Southern District of West Virginia. In support of this removal, Walmart states as follows:

Background

1. On January 24, 2023, Plaintiff Christy L. Hayes ("Plaintiff") filed this action in the Circuit Court of Jackson County, West Virginia captioned *Christy L. Hayes v. Walmart Inc.*, Civil Action No. 23-C-5 (the "Civil Action"). *See* Exhibit A.

2. Walmart was served with a copy of the complaint and summons in the Civil Action on January 25, 2023 via the West Virginia Secretary of State. *See* Exhibit A.

3. The complaint contained claims for disability discrimination in violation of the West Virginia Human Rights Act (Count I), interference and/or retaliation in violation of the Family Medical Leave Act (Count II), wrongful discharge or *Harless* claim (Count III), and wrongful termination (Count IV). *See* Exhibit A.

**Basis for Removal: Federal Question Jurisdiction**

4. Removal is appropriate in this case based on federal question jurisdiction.

5. A defendant may remove a case from state to federal court where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a).

6. Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

7. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. *Richards v. Appalachian Power Co.*, 836 F. Supp. 2d 436, 439 (S.D.W. Va. 2011).

8. In cases where federal law creates the cause of action in the complaint, the district courts of the United States unquestionably have federal subject matter jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).

9. Count II of the Complaint includes a clear and unambiguous allegation of violation of a federal law—the Family Medical Leave Act, 29 U.S.C. §§2601 *et seq*. *See* Exhibit A (Complaint ¶¶ 25-29).

10. The alleged violation of the FMLA provides a basis for federal subject matter jurisdiction. *Ennis v. City Holding Co.*, No. 2:12-CV-03956, 2012 WL 6651925, at *2 (S.D.W. Va. Dec. 20, 2012).

11. Because the Complaint, on its face, alleges violation of federal law, this case is one that may be removed to this Court pursuant to 28 U.S.C. §§1441 and 1446.

12. Furthermore, federal jurisdiction may be exercised over the supplemental state law claims, so long as the claims are related and are part of the same case or controversy. 28 U.S.C. §§ 1367 and 1441.

13. All of the claims in the Complaint are based upon Plaintiff's separation from employment. *See* Exhibit A (Complaint ¶¶ 21, 26, 31, 34, 38).

14. Because all of Plaintiff's claims are related and are part of the same case or controversy—specifically, her separation from employment at Walmart—this Court has jurisdiction over all claims in the Complaint.

### Basis of Jurisdiction: Diversity Jurisdiction

15. Removal is further appropriate in this case based upon diversity jurisdiction.

16. Pursuant to 28 U.S.C. §1332(a)(1), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### Complete Diversity Exists

17. 28 U.S.C. § 1332 requires complete diversity between the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Virginia Energy Co. v. Mountain State Carbon*, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

18. According to Paragraph 1 of the Complaint filed in the Civil Action, Plaintiff is a resident, and therefore a citizen for purposes of diversity, of West Virginia. *See* Exhibit A.

19. Walmart is a sole defendant in the Civil Action. *Id.* at ¶ 2.

20. For purposes of diversity of citizenship, a corporation is considered to be a citizen of both the state of its incorporation and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Athena Auto., Inc. v. DiGregorio,* 166 F.3d 288, 289 (4th Cir. 1999).

21. Walmart is a corporation organized under the laws of the state of Delaware with its principle place of business in Arkansas. *Id.* at ¶2.

22. Walmart is therefore a citizen of Delaware and Arkansas.

23. Because Plaintiff is a citizen of West Virginia and Walmart is a citizen of Delaware and Arkansas, complete diversity exists in the Civil Action.

*The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs*

24. In the Fourth Circuit, the test for determining the amount in controversy in a diversity proceeding is "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir.1964)).

25. Where the complaint does not specify an amount in controversy, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000. *McCoy v. Erie Ins. Co.,* 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001).

26. Parties may aggregate smaller claims in order to reach the jurisdictional threshold. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). The Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D.W.Va.1994). The possible damages recoverable may be shown by the amounts awarded in other similar cases. *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997).

27. In the Complaint, Plaintiff seeks the following damages for her four causes of action: back pay, lost benefits, front pay, future loss of benefits, emotional distress, fear, embarrassment, humiliations, financial hardship, punitive damages and attorney fees. *See* Exhibit

A ¶ 42. However, nowhere in the Complaint does Plaintiff specify the value of her damages or the amount in controversy.

28.     There is evidence, however, of the value of at least some of Plaintiff's alleged wage-based damages. Plaintiff made $12.54/hour as a full time associate when she separated from employment at the South Charleston location, excluding the value of any benefits.

29.     Thus, only 3 years of pay, exclusive of the value of any benefits, would reach the jurisdictional threshold (40 hours x 52 weeks x 3 years x $12.54 wage = $78,249.60). Given Plaintiff's separated from employment at the South Charleston location in May 2021 and trial is anticipated in 2024, there is nearly 3 years of back pay at issue. This one type of damages is sufficient, on its own, to satisfy the amount in controversy. *See Sword v. Strata Mine Servs., LLC*, No. 2:17-CV-02163, 2017 WL 4202215, at *3 (S.D.W. Va. Sept. 21, 2017) (holding that defendant's calculation of plaintiff's lost wages claim was "enough to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

30.     Given Plaintiff also seeks a front pay award and the value of benefits, Plaintiff's wage-based damages may, on their own, exceed $75,000.00 and satisfy the jurisdictional amount. *See*, e.g., *Dixon v. Edwards*, 290 F.3d 699, 711 (4th Cir. 2002) (finding amount in controversy satisfied when plaintiff alleged breach of employment contract with "compensation worth more than $75,000.00"); *Zimmer-Hatfield, Inc. v. Wolf*, 843 F. Supp. 1089, 1091 (S.D.W. Va. 1994) (concluding amount in controversy met because employer-plaintiff submitted affidavit that employee-defendant "earned in excess" of jurisdictional limit); *Allman v. Chancellor Health Partners, Inc.*, No. CIV A 5:08CV155, 2009 WL 514086, at *2 (N.D.W. Va. Mar. 2, 2009) ("With an annual salary level of approximately $61,000.00, the opportunity to earn $4,000.00 in annual

bonuses, and annual benefits valued at approximately $14,750.00, the amount of plaintiffs' claim for lost wages and benefits alone exceeds $75,000.00.").

31. Plaintiff also seeks damages for emotional distress. Amounts awarded in for emotional distress in similar cases are persuasive. For example, in wrongful discharge cases, the Supreme Court of Appeals of West Virginia has upheld awards for emotional distress damages based on allegations similar to those in the Complaint for the following amounts:

- $50,000 in *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 422 S.E.2d 624, 633 (W. Va. 1992);

- $75,000 in *Rodriguez v. Consolidation Coal Co.*, 524 S.E.2d 672, 681 (W. Va. 1999); and

- $150,000 in *Page v. Columbia Nat. Res., Inc.*, 480 S.E.2d 817, 835 (W. Va. 1996).

32. Plaintiff also claims that she is entitled to attorneys' fees. *See* Exhibit A ¶42. An award for attorneys' fees is required to be added to the value of the amount in controversy. *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 585 (S.D.W. Va. 1999) (noting that the amount of an award for attorneys' fees "is likely to increase substantially" with discovery). Both the FMLA and West Virginia Human Rights Act permit a court to award reasonable attorneys' fees to a successful plaintiff. W.Va. Code § 5-11-13(c); 29 U.S.C. §2617.

33. Accordingly, Plaintiff's claim for attorneys' fees is also included for the amount in controversy because it is statutorily provided. Other awards for attorney's fees in similar cases can be instructive here:

- $50,000 in attorney's fees awarded in settlement of ADA class action in *Richards v. W. Virginia Dep't of Health & Hum. Res.*, No. 2:19-CV-00397, 2023 WL 184963, at *4 (S.D.W. Va. Jan. 9, 2023);

- $273,596.00 in attorney's fees (excluding expenses) awarded in disability discrimination case after jury trial in *Calef v. FedEx Ground Packaging Sys., Inc.*, No. 1:06CV47, 2008 WL 11426868, at *9 (N.D.W. Va. Aug. 19, 2008); and

- In 1989, 30 years ago, the Supreme Court of Appeals of West Virginia upheld an award of $58,403.90 for attorneys' fees in a wrongful discharge case in *Casteel v. Consolidation Coal Corp.*, 383 S.E.2d 305, 311-12 (W. Va. 1989).

34. Finally, Plaintiff also seeks punitive damages, which would be added to her wage-based and emotional distress damages and further increase the amount in controversy. Exhibit A ¶ 42. Punitive damages may be included for the purpose of determining the amount in controversy. *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 428 (N.D.W. Va. 2012). As this Court has recognized, "a request for punitive damages where properly recoverable, inevitably inflates a plaintiff's potential recovery." *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000). Plaintiff's claim for punitive damages therefore "inevitably inflates" her potential recovery, and is to be included for the amount in controversy. *Id.*

35. Taken together, it is more probable than not that Plaintiff's damages could exceed $75,000.00.[1] For example:

```
          $78,249.60 (3 years back pay without value of benefits)
+         possible front pay award
+         $50,000 (lowest emotional damages award example)
+         $50,000 (lowest attorneys' fee award example)
+         possible punitive damages
          more than $178,249.60
```

36. With complete diversity and sufficient amount in controversy, this matter is appropriate for removal on the basis of diversity jurisdiction.

---

[1] No statement by Walmart herein constitutes an admission that Plaintiff is entitled to any damages. Walmart denies any liability in the Complaint or that Plaintiff is entitled to any damages. "[A] defendant's statement in a Notice of Removal concerning the amount in controversy does not constitute a judicial admission to plaintiff's ultimate damage entitlement." *Plyler v. Whirlpool Corp.*, No. 08 C 6637, 2012 WL 469883, at *2 (N.D. Ill. Feb. 13, 2012). "The 'amount in controversy' in a given action is nothing more than the good faith 'damages claimed or relief demanded by the injured party in a lawsuit.'" *Id.* (quoting Black's Law Dictionary (Bryan A. Garner ed., 9th ed., West 2009)); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (holding that the amount in controversy is generally decided from the complaint itself).

**Venue, Timeliness, and Pleadings**

37. This Court is the District Court of the United States for the district and division embracing the Circuit Court of Jackson County, West Virginia, which is the place where the Civil Action is currently pending. 28 U.S.C. § 1441; L. R. Gen. P. 77.02.

38. Under 28 U.S.C. § 1446(b)(3), a defendant must file a notice of removal within 30 days after the defendant's receipt of a copy of an amended pleading, motion, order or other paper from which it first may be ascertained that the case is one that is or has become removable.

39. Because this Petition is filed within thirty (30) days of January 25, 2023, which is the date on which Walmart was first served with a copy of Complaint and Summons, it is timely. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

40. Pursuant to 28 U.S.C. § 1446(a), copies of pleadings, orders, and other relevant documents served upon Walmart are attached hereto, in the form of a certified copy of the docket sheet from the Circuit Court of Jackson County, West Virginia. *See* Exhibit B (Certified State Court Docket Sheet).

41. Walmart is the only defendant in this matter, and consents to removal.

42. There are no pending motions.

43. Prompt written notice of this Notice of Removal is being sent to (a) the Clerk of Court for the Circuit Court for Jackson County, West Virginia and (b) Plaintiff, through her counsel of record, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Walmart respectfully requests that the instant civil action, currently pending in the Circuit Court of Jackson County, West Virginia, be removed to this Court for all further proceedings.

**WALMART INC.**

By SPILMAN THOMAS & BATTLE, PLLC

/s/ Chelsea E. Thompson
Eric E. Kinder (WVSB # 8817)
Chelsea E. Thompson (WVSB # 12565)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800
ekinder@spilmanlaw.com
cthompson@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**CHRISTY L. HAYES,**

    **Plaintiff,**

**v.**                                                        CIVIL ACTION NO. 2:23-cv-00159

**WALMART INC.,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Chelsea E. Thompson, counsel for Defendant, do hereby certify that on February 23, 2023, I electronically filed the foregoing "**Petition of Removal**" with the Clerk of the Court using the CM/ECF system, and that a copy of the same has been served upon counsel of record via the CM/ECF system and the United States First Class Mail, postage prepaid, addressed as follows:

> Ambria M. Britton, Esq.
> Klie Law Offices, PLLC
> 21 E. Main Street, Suite 160
> Buckhannon, WV 26201

                                                 /s/ Chelsea E. Thompson
                                                 Chelsea E. Thompson (WVSB # 12565)